In the Matter of the Petition of JOHN T. LORD, to Vacate an Assessment, etc.

*Application to vacate an assessment—when denied on account of the laches of the petitioner*—1858, *ch.* 338.

On December 27, 1876, this proceeding was commenced to vacate an assessment for paving a street in the city of New York, which had been confirmed in 1869, on the ground that the ordinance, directing the work to be done, had not been published, as required by the charter. Upon the hearing, it appeared that, while the list was in the hands of the collector, and prior to January 1, 1871, the assessment upon twenty-four of the parcels, amounting to $6,661.63, had been paid ; that the assessment upon five of the thirty-one remaining parcels, returned to the bureau of arrears as unpaid, had been paid before this proceeding was commenced ; that the assessment upon all the others had been vacated by orders of the Supreme Court, made in 1871, 1872 and 1873. and that two of the lots, upon which the assessments had been paid, had changed hands and now belonged to different persons.

*Held*. that, as it appeared that the assessment had been partly enforced and paid, and that some of the lots had changed hands, thereby rendering it impossible to do justice to the other property owners, if the assessment upon the petitioner's lot should be vacated, his application should be denied on account of his *laches* in instituting the proceedings. (Brady, J., dissenting.)

Appeal from an order made at a Special Term, denying a motion to vacate an assessment for paving Great Jones street, and from an order denying a motion made by the petitioner for leave to reopen the case and put in further proof.

The work was completed in April, 1869, and the assessment confirmed in September of that year. On December 27, 1876,

this proceeding was commenced, to vacate the assessment, on the ground that the ordinance directing the work to be done had not been advertised before its adoption, as required by the charter, and that an assessment for a prior pavement of the street had been laid on the lot, and paid. No proofs were taken in the matter until April 10, 1878. It was brought to a hearing on May 20, 1878, and the prayer of the petition was denied at the Special Term, on the ground of *laches*. The General Term affirmed the decision of the Special Term, and the Court of Appeals reversed that decision and ordered a re-hearing. (78 N. Y., 109.) Upon the re-hearing it was shown that of the entire assessment, amounting to $20,362.15, $7,067.07 had been paid prior to the filing of the petition. And also, that two of the lots upon which the assessments had been paid had since that time changed hands, and now belonged to different persons.

Judge DONOHUE held that this proof established a proper case to deny the application, within the opinion of the Court of Appeals, saying: "It seems to me that where improvements are made which the law intended property benefited should pay for, that there should be some limit to the time when they should be attacked. Papers may be lost, facts forgotten, or other rights arise, as here, when the city is placed where nothing can be done even by legislation to obtain redress. Here the facts disclose that part of the assessments are paid, property has changed hands, and justice requires that the party who slept on their rights should be barred. There are cases where this may be excused by actual want of business knowledge, or in some other way, but here it is not. Motion denied."

The petitioner's attorney then applied for leave to re-open the case, and put in further proof, which was denied.

*T. F. Neville*, for the appellant.

*J. A. Beall*, for the respondent. The equitable doctrine of *laches* is applicable in proceedings under chapter 338 of Laws of 1858. (*People* v. *Mayor*, 2 Hill, 12, 13 ; *Elmendorf* v. *Mayor*, 25 Wend., 693 ; *People* v. *Hill*, 53 N. Y., 549 ; *People* v. *Supervisors Alleghany*, 15 Wend., 198; *People* v. *Stillwell*, 19 N. Y., 531;

State v. *Newark*, 30 N. J. Law, 303; State v. *Jersey City*, 35 Id., 455; *Chinn* v. *Trustees*, 32 Ohio St.; Am. Law Reg., March, 1879, p. 203; *People* v. *Utica*, 65 Barb., 9; *Wiggin* v. *Wiggin*, 9 Paige, 25.)

BARRETT, J.:

I am in favor of the affirmance of the orders appealed from substantially upon the opinion of DONOHUE, J., in the court below. A few words, in addition, may not, however, be out of place. Upon the present hearing, the city has supplied the very proofs, the absence of which, upon the former hearing, was illustratively dwelt upon by the Court of Appeals. It now appears that the assessment has been partly enforced and paid; also, that some of the lots have changed hands. Thus, owing to the petitioner's great *laches*, it has become impossible to do justice to other property owners. The petitioner has enjoyed the benefit of the improvement during all these years, and now, upon a mere technicality. without alleging fraud, oppression or even unreasonable charges, he seeks to throw the burden upon the general tax-payers of the city, *including, of course, these very property owners who have already paid their full share of the cost of the work.* If others have succeeded in vacating the assessment, it was because they moved in due season. That incident ought not to avail the petitioner. The question of his *laches* is an independent one. If he had moved within any reasonable time, the merely formal irregularities of which he complains might have been corrected, and a new assessment effectively laid. The latter is now practically impossible. There is no real merit in the application, and, under the intimation of the Court of Appeals, as to the effect of the evidence now before us, it should be denied.

The order should be affirmed, with costs.

DAVIS, P. J.:

I think the order should be affirmed for the reasons assigned by BARRETT, J. They show that substantial justice was done by the court below, and that ought to be the object in reviewing these assessments. The strict technicalities that have controlled this class

of cases have been largely productive of the greatest injustice to the tax-payers of the city.

BRADY, J., dissenting:

This matter was heretofore before this court, the petition having been denied at the Special Term, upon the ground that the petitioner was guilty of *laches* and therefore not entitled to relief. On appeal to the Court of Appeals from our judgment the order was reversed and a re-hearing ordered. It was declared by the court of last resort in reference to these applications that regard must be had to all the circumstances of the case, especially to such as show a change in the property or the relative position of parties or persons interested or affected; and it was said that it did not appear that the city had ever enforced the assessment against any property or owner thereof, or that any owners had ever voluntarily paid; and that, so far as the record showed, there had been no change in the relative position of any of the natural persons affected or sought to be by the proceedings. Upon the re-hearing the petitioner proved that except the parcel owned by him, the assessment on all the parcels which had not been paid as shown by the respondent, had been vacated. The respondent showed that while the list was in the hands of the collector of assessments subsequent to the date of confirmation and prior to January 1, 1871, twenty-four parcels paid to the said collector the assessments laid upon them, amounting to $6,661.63; that thirty-one items were returned to the bureau of arrears as unpaid, and of these there was collected prior to December 27, 1876, the date of the serving of the petition, from five parcels the sum of $405.44; and further, that the assessments vacated were, under orders of the Supreme Court, made in the years 1871, 1872 and 1873, and that the first order, dated November 9, 1871, included twenty-two parcels. The Court of Appeals having determined that the application herein was not too late, that due regard must be had to all the circumstances, especially to such as show a change in the relative position of parties interested or affected, and it appearing that many of the parcels have been relieved from the payment of the assessment by judicial determination, and which must have rested upon

the illegality of the assessment, there would seem to be no course left for this court to pursue, in justice, except to vacate the assessment. If it were permitted to remain, this court would be enforcing the payment of a tax, which it has by its solemn judgment declared to be illegal, and this it should not do. The relative position of persons interested or affected was changed decidedly by the orders mentioned, which vacated the assessment. For these reasons the order appealed from should be reversed, and the petition granted, but without costs.

Order affirmed.